**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**Case No.: 1:14-cr-00016-TBR**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

                                                          CRIMINAL NO.: 1:14-cr-00016-TBR
                                                                                1:14-cr-00018-TBR
v.

FRANCISCO J. PATINO                                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter arises before the Court upon *pro se* defendant, Francisco Patino's Motion for Compassionate Release. [DN 36]. The government has responded. [DN 38]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Patino's Motion for Compassionate Release [DN 36] is **DENIED**.

### I. Background

Patino was indicted on one count of possession with intent to distribute methamphetamine and one count of being a felon in possession of a firearm. [DN 10]. He subsequently plead guilty to both charges. [DN 21]. On January 5, 2015, Patino was sentenced to 120 months imprisonment. [DN 31]. He now requests this Court grant him compassionate release.

### II. Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-

    (1) In any case—

> (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that***—
>
> > ***(i) extraordinary and compelling reasons warrant such a reduction*** ..."

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued

by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when

3

any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III. Discussion

#### A. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Patino requested compassionate release and was denied on July 11, 2020. [DN 38-2]. Patino filed the present motion on February 16, 2021. Therefore, the Court has jurisdiction.

#### B. Extraordinary and Compelling Reasons

Patino argues he is entitled to compassionate release due to his age, an "enlarged heart, blood disorder, hypertension, hyperglycemia, polycythemia, and his past history of Hepatitis-C, [and] General Gastroenteritis." [DN 36 at 2]. Patino has provided some medical records that generally support his claim. [*See* DN 36-]. The Centers for Disease Control, ("CDC") has stated those over the age of 65 are at the greatest risk for serious illness from Covid-19.[1] Patino is currently 55 years old. Although he is not at the greatest risk for serious illness, the CDC states,

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

95% of Covid-19 deaths have occurred in those over 45.[2] Out of the conditions Patino lists, only the enlarged heart and hypertension could place him at an increased risk.[3] Patino does not argue his medical conditions are not being treated. According to the medical record Patino provided, his conditions appear to be well managed. [DN 36-1]. *See United States v. Santana,* 2021 WL 493384, *3 (S.D. Mich. Feb. 10, 2021) (collecting cases). Due to Patino's conditions currently being managed appropriately, the Court finds the conditions do not show extraordinary and compelling reasons.

Patino argues he is being housed in units with Covid positive patients and inmates are continuing to die from the virus. When Patino filed this motion, he was housed at FMC Fort Worth. However, he is currently housed at FCI Seagoville. Seagoville has 5 confirmed active cases among inmates.[4] There is no uncontrolled outbreak within the prison. FCI Seagoville houses 1,544 inmates.[5] They have currently vaccinated 1,313 inmates.[6] The Court is not aware of Patino's vaccination status. However, Patino's risk of contracting the virus is lessened due to the shear number of vaccinated inmates regardless of his vaccination status. Therefore, Patino has not shown extraordinary and compelling reasons for his release.

## C. 18 U.S.C. § 3553(a) Factors

Patino is not entitled to release because he has not shown extraordinary and compelling reasons. However, the Court will briefly address the 3553(a) factors. Patino did not submit any evidence supporting his release in reference to the factors. When Patino was arrested in the present case, he was found with approximately 31 grams of methamphetamine in his pocket. [DN 27 at 5].

---

[2] *Id.*
[3] *Id.*
[4] https://www.bop.gov/coronavirus/.
[5] https://www.bop.gov/locations/institutions/sea/.
[6] https://www.bop.gov/coronavirus/.

Officers found an "unknown amount of suspected methamphetamine" hidden in the foam sealant of a flowerpot in the trunk of the vehicle. [*Id.* at 6]. Officers also found a semiautomatic shotgun in the vehicle. [*Id.*] Patino has previous convictions for firearm and drug offenses. [*Id.* at 14]. The Court acknowledges Patino does not have a history of disciplinary actions and applauds him for his actions. However, the lack of a disciplinary record is not enough to show rehabilitation. The Court finds the 3553(a) factors do not support releasing Patino approximately three years early. Therefore, his motion must be denied.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Patino's Motion for Compassionate Release [DN 36] is **DENIED**. Patino filed an identical motion in case number 1:14-cr-00018. [DN 14]. For the above stated reasons, **IT IS HEREBY ORDERED** that Patino's Motion for Compassionate Release [DN 14] is also **DENIED**.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 16, 2021

cc: Francisco Patino
    66434-179
    Seagoville Federal Correctional Institution
    Inmate Mail/Parcels
    P.O. Box 9000
    Seagoville, TX 75159
    PRO SE